UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE LEROY STANLEY,

    Petitioner,

v.

MICHAEL LEIBSON,

    Respondent.

Case No. 09-12202

Hon. Victoria A. Roberts

_____

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on *pro se* Petitioner Johnnie Lee Stanley's Petition for Issuance [of] Order Directing Disclosure of Grand Jury Material and Applications [Dkt #1]; Petition for Rule 6(e) Violation Investigation [Dkt #3]; and Motion to Amend Petition for Rule 6(e) Violation Investigation [Dkt #7].

For the reasons stated, the Motion to Amend Petition for Rule 6(e) Violation Investigation is **GRANTED**. The Petition for Issuance [of] Order Directing Disclosure of Grand Jury Material and Applications and the Petition for Rule 6(e) Violation Investigation are **DENIED.**

**II.    BACKGROUND**

These motions are the latest in a series of petitions filed by Stanley regarding federal grand jury transcripts in the case of *United States v. Adams*, E.D. Mich. Case number 97-81017. Stanley alleges that Assistant United States Attorney ("AUSA")

1

Michael Leibson violated Federal Rule of Criminal Procedure 6(e) by disclosing the *Adams* federal grand jury testimony, ATF reports and DEA reports to the Oakland County Prosecutor's Office and ATF agent Jerome Sharpe, without first obtaining an order from this Court.

Stanley's complaints stem from his 2002 conviction in the Oakland County Circuit Court for conspiracy to deliver and/or possess with the intent to deliver 650 grams of a controlled substance. Stanley alleges that after a federal judge dismissed the *Adams* indictment, Leibson disclosed the federal grand jury materials without court permission, so that the Oakland County Prosecutor's Office could use those materials to empanel the Oakland County citizen grand jury that indicted Stanley. LaMark Northern, one of the witnesses who testified at Stanley's criminal trial, also testified before the *Adams* federal grand jury and the Oakland County grand jury, purportedly about the drug trafficking activities of the Adams, Milton and Lee drug organizations in Pontiac, Michigan. Stanley says Northern's inconsistent and perjured testimony was used to indict Stanley and his co-defendants in state court.

Last, Stanley claims that AUSA Leibson knew of the inconsistent testimony and did not disclose it to the court in Northern's own federal criminal case, *United States v. LaMark Northern*, E.D. Mich. Case number 99-81146. Stanley says AUSA Leibson obstructed justice pursuant to 18 U.S.C. § 1503 and suborned perjury in violation of 18 U.S.C. § 1622, because Leibson entered into a plea agreement and sought a sentence reduction for Northern, despite knowing that Northern committed perjury.

Stanley asks the Court to: (1) provide copies of any applications made by AUSA Leibson for disclosure of grand jury materials, and (2) provide a list of materials given to

2

AUSA Leibson from the Adams grand jury proceedings and disclosed to ATF Agent Jerome Sharpe and the Oakland County Prosecutor's Office. Stanley also asks the Court to investigate the matter and hold a show cause hearing to determine if Leibson should be found in contempt.

## III. ANALYSIS

### A. Case Law

#### 1. Disclosure of Grand Jury Matters

"The court may authorize disclosure . . . of a grand jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(I). A party seeking disclosure under Fed. R. Crim. P. 6(e) must demonstrate that a compelling need for disclosure exists which overcomes the general presumption in favor of grand jury secrecy. *In re Grand Jury 89-4-72*, 932 F.2d 481, 483 (6th Cir. 1991). "A petition to disclose a grand jury matter under Rule 6(e)(3)(E)(I) must be filed in the district where the grand jury convened." Fed. R. Crim. P. 6(e)(3)(F).

#### 2. Rule 6(e) Violations

Rule 6(e) specifies that an attorney for the government may not disclose grand jury materials. Fed. R. Crim. P. 6(e)(2)(B)(vi). "A knowing violation of Rule 6 . . . may be punished as a contempt of court." Fed. R. Crim. P. 6(e)(7). A person claiming damage as a result of a violation of Rule 6 may bring the violation to the court's attention by petition or by letter. *Finn v. Schiller*, 72 F.3d 1182, 1188 (4th Cir. 1996). Once an alleged Rule 6(e) violation brought to the court's attention, the district court has a duty to investigate the matter and impose contempt sanctions when it finds a violation occurred.

*Id.* at 1189.

In order to establish a *prima facie* case of a Rule 6(e) violation, the complainant must show that (1) information was knowingly disclosed about "matters occurring before the grand jury," and (2) the source of the information is a person subject to Rule 6(e). *Id.* at n.7. If the court determines that a *prima facie* case has been established, the burden shifts to the government to "attempt to explain its actions" in a show cause hearing. *In re Sealed Case No. 98-3077*, 151 F.3d 1059,1068 (D.C. Cir. 1998). If the government fails to rebut the *prima facie* case, a violation of Rule 6(e)(2) is deemed to have occurred. *Id.*

If no *prima facie* case is shown, no hearing is warranted, and *a fortiori* the claim fails. *Barry v. United States*, 275 U.S. App. D.C. 218, 865 F.2d 1317, 1321 (D.C. Cir. 1989).

### B. Motion to Amend Petition for Rule 6(e) Violation Investigation

Stanley seeks to amend his petition to raise the additional arguments that: (1) 20 DEA and ATF reports, as mentioned in his Dkt #1, p. 14, should be considered Rule 6(e) materials; (2) Leibson obstructed justice, pursuant to 18 U.S.C. §1503, and suborned perjury, pursuant to 18 U.S.C. §1622; and, (3) all of these additional violations comprise part of the Rule 6(e) violation.

To the extent that Stanley moves the Court to consider these additional arguments, the Motion is **GRANTED**.

### C. Petition for Disclosure of Grand Jury Materials and Applications

Stanley argues, without support, that he is entitled to know if Leibson requested

4

court permission to release the federal grand jury transcripts and Jencks Act materials, and if so, when he made his applications. Stanley contends that Sharpe and the Oakland County Prosecutor's Office suppressed federal grand jury materials, and the requested information may disclose that a Brady violation occurred in his state criminal case. Presumably, Stanley seeks to use such evidence for his pending 28 U.S.C. 2254 habeas petition.

Rule 6(e) enumerates the persons who are entitled to receive notice regarding the filing of a petition for disclosure of a grand jury matter under Rule 6(e)(3)(E)(I). Those persons include an attorney for the government, the parties to the judicial proceeding, and any other person the court may designate. Fed. R. Crim. P. 6(e)(3)(F). Stanley, who was not a party charged in the *Adams* grand jury indictment, does not fall within any of these categories.

Moreover, Stanley's claims are not supported by the record. Attached to Stanley's Motion is an excerpt of the December 3, 1998 preliminary examination transcript in his state criminal proceedings. Review reveals that the state district court judge engaged in a long colloquy with the state prosecutor and defense counsel regarding the federal grand jury transcripts. Both the state district court judge and defense counsel were displeased that Oakland County Prosecutor Matthew Martin did not have the federal grand jury materials.

Martin noted that Leibson told him: (1) it would be a violation of federal law for Martin to have the transcripts, and thus Martin could not have or disseminate the federal grand jury transcripts, (2) it would be a violation of federal law for a state judge to order release of the transcripts, and (3) there was a federal court procedure an attorney could

5

follow to obtain release of the transcripts and Leibson would describe that procedure if any of the defense attorneys contacted him. At least one defense counsel stated his intention to follow through with Leibson.

The colloquy makes clear that the Oakland County Prosecutor's Office did not have the federal grand jury transcripts around the time Stanley was charged in state court. Hence, Stanley's own evidence belies his claim that Leibson released the materials to allow the Oakland County Prosecutor's Office to empanel the Oakland County citizen grand jury which indicted Stanley.

Additionally, in his federal grand jury testimony, Northern said (1) he had been charged in state court, (2) was facing a 12-year sentence, and (3) entered into an agreement with the Oakland County Prosecutor's Office concerning his cooperation in the federal case and other matters, in hopes of receiving a lesser state sentence. Thus, the Oakland County Prosecutor's Office already had information from Northern prior to the federal grand jury. The disclosure of information obtained from a source independent of the grand jury proceeding, such as a prior government investigation, does not violate Rule 6(e)." *In re Grand Jury Investigation*, 610 F.2d 202, 217 (5th Cir. 1980).

Also attached to Stanley's Motion is a Supplemental Discovery Index from the Oakland County Prosecutor's Office, dated March 25, 2004; it lists the federal grand jury transcripts of eight individuals, including Northern, and 20 DEA reports provided to Stanley as discovery. Thus, the federal grand jury materials were later turned over to the state at the request of defense counsel to protect Stanley's rights. Stanley does not identify the alleged favorable or exculpatory evidence that was not disclosed to him.

Although Stanley claims in a un-notarized affidavit that he did not receive the federal grand jury materials until October 2006, when they were requested by his third appellate counsel, the Court does not consider that evidence particularly probative. Although a district court may consider un-notarized affidavits, *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002), Stanley's assertions establish only that *he* did not receive the materials until October 2006. Stanley does not provide affidavits or other evidence from his previous counsels to show that they never received the federal grand jury materials, notwithstanding the state discovery index which says otherwise. Again, Stanley's evidence belies his claim that state prosecutors suppressed discovery evidence.

Lastly, this Court's docket entries disprove any claim that Leibson entered into a plea agreement and sought a sentence reduction for Northern in exchange for perjured testimony. Northern was charged in a one-count Information with Use of a Communication Facility in Facilitating the Commission of Violations of the Controlled Substances Act, in violation of 21 U.S.C. 843(b). Northern pled guilty to the sole count, without the benefit of a plea agreement, and was sentenced to the statutory maximum sentence of four years.

Stanley has not established a *prima facie* violation of Rule 6(e) based on release of the federal grand jury testimony. Nor, beyond his claim of a Rule 6(e) violation, has he demonstrated any legal basis for his claim of entitlement to the grand jury materials and applications. Because Stanley fails to demonstrate a compelling need for the grand jury materials and applications, his Petition is **DENIED.**

### D. Petition for Investigation of Rule 6(e) Violation

In addition to the release of federal grand jury testimony, Stanley also claims Leibson gave DEA and ATF reports to Sharpe, who in turn gave them to Oakland County Prosecutor Paul Stablein to conduct the state citizen grand jury. Stanley contends those reports also fell within the scope of Rule 6(e) because they were related to the grand jury's investigation, and Leibson should have obtained court permission for their release too.

Special agent reports do not automatically fall within the scope of Rule 6(e), but can fall within the Rule's protection when they are closely related to the grand jury's investigation itself and where disclosure would reveal the identities of targets and other witnesses. *Martin v. Consultants and Administrators, Inc.*, 966 F.2d 1078, 1097 (7th Cir. 1992). However, the disclosure of information obtained from a source independent of the grand jury proceedings, such as a prior government investigation, does not violate Rule 6(e). *In re Grand Jury Investigation*, 610 F.2d at 217.

The Court cannot determine whether any or all of the DEA and ATF reports were ever before the federal grand jury. Although Stanley admits that he received the federal grand jury transcripts and materials, he provides none of the reports in support of his petition. His exhibit, the state discovery index, suggests the reports were the fruits of a federal police investigation, not a federal grand jury investigation.

Even if the Court accepts Stanley's contention that the reports were Rule 6(e) materials, Stanley has not demonstrated a violation, much less a knowing violation by Leibson. Although Stanley's evidentiary support establishes that the state prosecutor received the reports from Sharpe, there is no evidence that Leibson gave the reports to

8

Sharpe or that Sharpe turned them over at Leibson's direction. Indeed, Stanley admits that Sharpe testified before the state grand jury as the lead investigating agent; Sharpe likely would have had access to all of the reports independent of Leibson.

As this court previously stated, "[a] federal court is not obliged to conduct an *in camera* review of requested grand jury materials on 'bare speculation, generalized complaint or a fishing expedition.'" *Stanley v. Collins*, 04-71098 at pp. 5-6 (E.D. Mich. 2004). Likewise, a hearing on a claimed Rule 6(e) violation will not be held absent a showing of a *prima facie* Rule 6(e) violation. *Barry v. United States*, 275 U.S. App. D.C. 218, 865 F.2d 1317, 1321 (D.C. Cir. 1989). Because Stanley has not made out a *prima facie* violation, the Court declines his request to conduct a show cause hearing.

**IV. CONCLUSION**

Petitioner's Motion to Amend Petition for Rule 6(e) Violation Investigation is **GRANTED**, to the extent that he asks the Court to consider his additional arguments. Petitioner's Petition for Issuance Order Directing Disclosure of Grand Jury Material and Applications and his Petition for Rule 6(e) Violation Investigation are **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: July 20, 2010

The undersigned certifies that a copy of this document was served on Johnnie Stanley and Michael Leibson by electronic means or U.S. Mail on July 20, 2010.

s/Linda Vertriest
Deputy Clerk