UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE LEROY STANLEY,

    Plaintiff,                                       Case Number: 2:09-CV-12202
                                                    Honorable Victoria A. Roberts

v.

MICHAEL LEIBSON,

    Defendant.
_____/

## ORDER DENYING MOTION FOR LEAVE

This motion is one of many filed by Johnnie Leroy Stanley ("Stanley") over the last 10 years regarding disclosure of federal grand jury 96-2-98 transcripts from the case of *United States v. Adams*, E.D. Mich. Stanley was not a party charged in that grand jury indictment, but Stanley believes that materials from the *Adams* federal grand jury were improperly used to empanel an Oakland County grand jury that did indict him. Since his own conviction, Stanley has petitioned for a Federal Rule of Criminal Procedure 6(e) investigation against Assistant United States Attorney ("AUSA"). His petition was denied.

Stanley now files a Motion for Leave asking the Court to: 1) reinstate his request for a Rule 6(e) investigation; and, 2) produce a disclosure order for federal grand jury 96-2-98 transcripts.

Stanley was convicted in 2002 in Oakland County Circuit Court of conspiracy to deliver and/or possess with the intent to deliver a controlled substance. Since 2004, this Court has repeatedly denied and struck from the docket most if not all of Stanley's

Rule 6(e) violation claims.  Once again, Stanley burdens this Court with another petition regarding the exact same or similar requests that have all been previously dismissed.

Stanley's requests are meritless; and he has yet to make a prima facie showing that a Rule 6(e) violation occurred.  He consistently fails to show good cause for the production of these transcripts.  Stanley has not provided the Court with any new information that would lead it to conclude otherwise.  The record establishes that the Oakland County prosecutor was <u>not</u> in possession of any federal grand jury materials during Stanley's preliminary hearing in state court on December 2, 1998.  As the Government properly notes, the state prosecutor stated on the record that "[AUSA Leibson] indicated that it would be a violation of Federal Law for [the state prosecutor] to have copies of the [grand jury] transcript."

Additionally, the affidavit and "new evidence" of defense counsel William L. Cataldo, are not sufficient to prove fraud or justify reinstatement of a Rule 6(e) investigation.  Fed. R. Civ. P. 60(b)(1) states: "the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial."  Stanley's first petition was in 2004, only two years after his conviction.  The  next 10 years appear to have been spent by Stanley filing frivolous petitions.  Stanley had the opportunity and time to discover Cataldo's statement, had he prepared more effectively.  More importantly, the affidavit merely states that Cataldo was to contact Mr. Leibson about how to obtain the federal grand jury transcripts, but that he does not recollect whether or not he attempted to discuss the transcripts or the process to procure them in connection with Stanley's criminal case.  This statement is

nothing more than a sworn reporting of events; it does not supply any merit to a claim under Rule 6(e).

Stanley not only has clogged this Court with an issue already litigated; he has also brought multiple similar petitions in state court and before other federal judges, with no success. The Court agrees with the Government and concludes that since Stanley has exhaustively litigated these claims in both state and federal court, his claim is barred by the doctrines of res judicata, claim preclusion, and collateral estoppel. *See Winget v. J.P. Morgan Chase Bank NA*, 537 F.3d 565 (6th Cir. 2008); *Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007); *Bowles v. Russell*, 432 F.3d 668 (6th Cir. 2005). The Government accurately characterizes Stanley as a serial litigant, on a 10-year fishing expedition to seek relief where none exists; he has an extensive history of frivolous filings with the Court and he lacks the potential to make an effective argument regarding this issue.

Stanley's Motion for Leave is **DENIED** with prejudice; this case is **CLOSED**; Stanley cannot file any more papers with the Court.

IT IS ORDERED.

                                                  S/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: June 16, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record and Johnnie Leroy Stanley by electronic means or U.S. Mail on June 16, 2014.
>
> s/Linda Vertriest
> Deputy Clerk

3